DOMITILA LÓPEZ, Plaintiff and Appellee, v. MARTÍNEZ HNOS. & Co., S. en C., Defendant and Appellant.

No. 5868.  Argued March 27, 1933.—Decided July 22, 1933.

*J. P. Miranda* for appellant.  *Pedro G. Quiñones* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Domitila López brought, in the Municipal Court of San Juan, a suit against Martínez Hermanos & Co., *S. en C.,* as liquidator of Martínez Hermanos, to establish the nullity of a certain attachment levied on a house of the plaintiff at the instance of the defendant in an action of debt filed against one Rufino Font, and of the public sale of said house effected in execution of the judgment rendered in that action. The defendant answered resisting the suit, and after the case was decided, the losing party appealed to the district court. There a trial *de novo* was held, and judgment was rendered against the defendant. Thereupon the latter appealed to the Supreme Court, which, on the 10th of last February, reversed the judgment appealed from. Plaintiff requested a rehearing which the court granted, and both parties were heard again and the case was thus finally submitted for our consideration and decision.

The pleadings and the evidence establish the following facts: On March 5, 1930, Martínez Hermanos & Co. brought, in the Municipal Court of San Juan, an action against Rufino Font to recover $475, and on the same day it moved to secure the effectiveness of any judgment that might be ren-

dered. The court granted the motion, plaintiff designated a house of the defendant located in Santurce, to be levied on, and on March 6, 1930, the clerk of the court issued to the registrar of property the following writ:

"IN THE MUNICIPAL COURT FOR THE MUNICIPAL JUDICIAL DISTRICT OF SAN JUAN, P. R., SECOND SECTION.—THE UNITED STATES OF AMERICA, The President of the United States, SS.—MARTÍNEZ HERMANOS AND Co., Plaintiff, v. RUFINO FONT, Defendant.—Civil No. 8828. Action of Debt.—WRIT OF ATTACHMENT.—THE PEOPLE OF PUERTO RICO to the Hon. Registrar of Property of San Juan, First Section.

"WHEREAS, in the above-entitled cause, the Municipal Court for the Municipal Judicial District of San Juan, P. R., Second Section, has entered an order which textually reads as follows:

" 'ORDER.—On reading the motion for security of the judgment filed by the plaintiff in this case, the court grants said motion and decrees the security of the judgment in the above-entitled cause, without bond, as the debt appears in an authentic document which forms part of the record, and orders that the clerk issue a writ of attachment to be executed or recorded by the Registrar of Property of San Juan, P. R., First Section, on property of the defendant, Rufino Font, to the extent of $475.00 and the costs of the proceeding. Given at San Juan, P. R., this 6th day of March, 1930. (Signed) Y. Carballeira, Judge."

"WHEREAS, the plaintiff has designated to the clerk the following property of the defendant, Rufino Font, to be levied on:

" 'URBAN: A frame house with a galvanized-iron roof used as a store, measuring 5.80 meters in front by 10 meters deep, and located on land belonging to the Heirs of Finlay, situate in the Northern Section of the ward of Santurce of this city of San Juan, bounded on the north, south, east, and west by land of the Heirs of Finlay.'

"This property does not appear recorded in the registry of property in the name of the defendant or of any other person.

"The plaintiff, 'Martínez Hermanos & Co.', is a mercantile partnership, organized under the Code of Commerce and domiciled in the city of San Juan, and the defendant, Rufino Font, is of age, a merchant, married to Julia Rivera, and resident of San Juan.

"THEREFORE, the undersigned clerk, in compliance with the above-transcribed order, requests the Hon. Registrar of Property of San Juan, P. R., First Section, to record the said attachment in the books

of the Registry in his charge, in favor of the partnership 'Martínez Hermanos & Co.', and against the defendant, Rufino Font, to the amount of $475.00 as principal and $25.00 for costs, on the above-described property and until the further order of the court.

"San Juan, P. R., March 6, 1930. (Sgd.) Regina Escudero, Clerk of the Municipal Court of San Juan, Second Section."

Upon the registrar receiving said writ, he made the following entry:

"Entered at folio 185 of volume 137 of Santurce North, Property No. 6430, note A, with the curable defect that the property does not appear recorded in the name of the defendant or of any other person. San Juan, March 7, 1930. (Sgd.) A. Malaret, Registrar.— Fees: $4, Sch. No. 175 and P. C.—(Canceled internal revenue stamps to the amount of $4.) (Stamped seal: REGISTRY OF PROPERTY, San Juan, Puerto Rico)."

On March 27, 1930, the defendant Rufino Font was personally served with summons in this city of San Juan, in accordance with the law. He failed to file an answer, and on April 9, 1930, the plaintiff requested the clerk to note the default and enter judgment against the defendant. The clerk acted accordingly and the judgment was rendered and entered the same day, April 9, 1930.

On April 28, 1930, the judgment was notified to the defendant Font.

On May 26, 1930, Font appeared before a notary public and sold the house in question to Domitila López, plaintiff herein. In the deed he declared that the property was free of liens, and it was stated that the purchase price was $400 of which $300 was paid in cash.

On June 18, 1930, the plaintiff in the action of debt against Font and defendant in the present suit, moved for the execution of the judgment it had obtained on April 9 and which had been notified to Font on April 28 on the ground that the same had become final (firme). The court so ordered on June 20, 1930, and the proper proceedings were followed which terminated in a public sale held on July 22, 1930, when

the house in question was awarded to the plaintiff for the sum of $250.

The district court decided the case herein against the defendant on the ground that the attachment was a nullity because the clerk had no authority to levy the same, citing the case of *Rodríguez* v. *Registrar*, 42 P.R.R. 100, and hence that the sale of the house at public auction was void, according to the decision of this court in *Rodríguez et al.* v. *Alonso et al.*, 37 P.R.R. 322.

It is true that in the case of *Rodríguez* v. *Registrar*, 42 P.R.R. 100, this court held that an attachment must be levied by the marshal upon a writ issued by the clerk and can not be levied by the latter; but it is also true that, subsequently, in the case of *Ochoa Fertilizer Co.* v. *Registrar*, 43 P.R.R. 600, in dealing with the same question, this court said:

"It is stated by the registrar in his brief that, had it not been for the ruling of this Court in *Rodríguez* v. *Registrar*, 42 P.R.R. 100, he would have entered the notice. In its brief the appellant invokes in its favor the decisions of this Court in *Batle et al.* v. *Registrar of Arecibo*, 30 P.R.R. 693, and *Santini Fertilizer Co.* v. *Registrar*, 36 P.R.R. 19, and distinguishes the *Rodríguez* case, *supra*.

"Let us see what was really held in the cited decisions.

"In the *Batle* case, *supra*, the clerk of the District Court of Ponce issued a writ to the Registrar of Property of Arecibo, directing the cancellation of a certain mortgage and the registration of another, all, of course, pursuant to an order of the court. The registrar refused to comply with the writ on the ground that the same had not been issued by the marshal of the District of Arecibo, where the attached property was situated. He cited in support of his refusal article 97 of the Mortgage Law Regulations, section 245 of the Code of Civil Procedure, and the decisions of this Court in *Luce & Co., Ltd.*, v. *Registrar of Guayama*, 28 P.R.R. 911, and *Benet* v. *Hernández*, 22 P.R.R. 323. This court held that the second paragraph of article 97 of the Regulations applicable to the case had been repealed by General Order No. 100 of April 30, 1900, which provides: 'Upon the recommendation of the judicial board the following is hereby ordered: I. The courts of justice shall communicate directly with each other, without the subordination of inferior to superior courts,

established by article 287 of the law of civil procedure. II. The courts of justice may also communicate directly with any register of property, or any other office, for the execution of the judicial orders they may issue'; that the said order was in full force, notwithstanding the holding of the Supreme Court of the United States in *Ochoa* v. *Hernández*, 230 U. S. 139; that the *Luce*, case, *supra*, was decided without taking into consideration General Order No. 100 of 1900; that the *Benet* case, *supra*, was not applicable because it dealt with a writ issued by the marshal of a district to the registrar of another; and that section 245 of the Code of Civil Procedure had reference to a writ of execution but did not amend the aforesaid general order. As a result, the decision of the registrar was reversed and the writ upheld.

"Four years afterward the doctrine laid down in the *Batle* case, *supra*, was expressly confirmed in *Santini Fertilizer Co.* v. *Registrar, supra*.

"Prior to the case of Rodríguez, *supra*, there was decided that of *Vivaldi* v. *Registrar*, 39 P.R.R. 651, in which it was held that 'A writ of attachment addressed to the marshal of the district in which the property to be attached is situated and endorsed by him as executed gives authority to the registrar to enter a cautionary notice of the attachment in the registry without the necessity of a new writ addressed to the registrar.'

"Then came the decision in the *Rodríguez* case, *supra*, the syllabus of which reads as follows:

" 'An attachment must be levied only by the marshal upon a writ issued by the clerk; the latter official is without power to make such levy.'

" *     *     *     *     *     *     *

"In our judgment, taking into account the holding in the *Batle* case, *supra*, confirmed in the *Santini* case, *supra*, and the language used in the applicable section of the Act for the security of judgments, to wit: 'The attachment . . . of real property shall be recorded in the registry of property, . . . (Section 9 of 'An Act to secure the effectiveness of judgments,' of March 1, 1902, Comp. Stat. 1911, p. 850), it will be sufficient that the court decree the attachment and that the clerk issue a writ to the registrar pursuant to such decree, in order that the registrar may be empowered and bound to enter a notice of the attachment. This does not mean that if the marshal is directed to levy the attachment he has no power to make the levy. He has it, as was held in the *Vivaldi* case, *supra*. For

this kind of attachments, that is, those ordered to be levied by means of an entry in the registry, either method may be pursued. The order comes always from the court and can be executed by a writ issued directly either to the registrar or to the marshal, as in ordinary cases for the latter to act.''

And seeking to limit the scope of the *Rodríguez* case to the facts thereof, the court further said:

''The decision in the *Rodríguez* case, *supra,* is justified by its own terms. The writ issued by the clerk in that case was improper since the attachment of property is not within his province. And he expressly stated that he had attached the immovable described at the instance of the plaintiff.''

Whether or not the case of *Rodríguez* v. *Registrar* can be distinguished, the applicable rule for the cases arising under the Act to secure the effectiveness of judgments of 1902, was finally established as follows:

''Where an attachment has been decreed to secure any judgment that might be rendered in the action, the order directing that the attachment be levied by means of an entry in the registry comes from the court and can be executed by a writ issued directly either to the registrar or to the proper marshal, as in ordinary cases for the latter to act.''

And applying this rule to the instant case, the judgment appealed from must fall without a basis.

That being so, we need not stop to consider the case of *Rodríguez et al.* v. *Alonso et al.,* 37 P.R.R. 322, cited by the district court, for there the nullity of the sale was declared on the basis of the nonexistence of the attachment whereas here we have just concluded that an attachment existed.

What we have said would suffice for a determination of the appeal, if appellee had not raised other questions which we must consider and decide.

Appellee maintains in the first instance that although the attachment could have been recorded in the registry by virtue of the writ of the clerk, it would always be null because

notice thereof was not served on the defendant in the suit as required by law.

The precise question thus raised was decided adversely to the contention of the appellee by this Supreme Court, in the case of *Kweneli* v. *Symister,* 43 P.R.R. 447, 450–452. There this court speaking through Mr. Justice Aldrey said:

"The Law of Civil Procedure governing up to 1902 the matter of attachments, provided by its section 1409 that if the property attached should be real property, the attachment should be limited to the issue of an order in duplicate directing the registrar to make the proper cautionary notice. Section 9 of the cited Act of 1902, on which the appellant relies for his claim that the attachment of the property recorded in the registry is null and void, and should be canceled for the failure to serve notice thereof on the owners, the Angleró spouses, reads as follows:

" 'The attachment and order prohibiting the alienation of real property shall be recorded in the registry of property, the court notifying the defendant thereof and warning him that he cannot alienate the property attached except at public auction and after notice shall have been given to the plaintiff to be present at the sale, the proceeds of such sale to be deposited subject to the order of the court; nor can the defendant alienate, in any case, the property on which a prohibition has been decreed. The alienation of any property in contravention of the provisions of this section, shall be deemed fraudulent for all civil and penal purposes and the persons guilty of such offense shall also be punished for contempt of court.'

"Reference has been made in various decisions of this Supreme Court to said section, in cases involving, not the question of the nullity of a recorded attachment of real property predicated on the failure to notify the owner, but other questions of a different character. Thus, in *Oliver* v. *The Registrar of Arecibo,* 22 P.R.R. 659, the only holding was that an attached property can be sold without resorting to a public sale, where the prohibition to alienate the same except at public auction does not appear from the registry, which prohibition requires that the owner of the attached property be specially notified. In *Rodríguez* v. *Dist. Court of San Juan,* 31 P.R.R. 659, the question to be decided was whether when crops are attached the marshal may appoint a custodian thereof, and it was held that in the case of harvested crops the appointment of a custodian is proper, but when growing crops are involved judicial administration

is necessary, although incidentally it was stated that when real property is attached, the function of the marshal is only to give written notice to the registrar of property, and to the defendant. In *Cosme* v. *Santi*, 37 P.R.R. 710, the question was whether in a personal action the court had acquired jurisdiction over the defendant, a non-resident, and it was held that the court had not, for even though an order had been issued by the marshal to the registrar for the purpose of recording the attachment of property belonging to the defendant, it did not appear that the attachment had been recorded, although it was also stated incidentally, in citing the aforesaid section 9, that an attachment cannot be considered as levied until it is recorded in the registry and notice thereof is given to the defendant. Similarly, in *Wenonah Military Academy* v. *Antonsanti*, 40 P.R.R. 251, the question was whether the court had jurisdiction over a nonresident defendant in a personal action, and it was declared that when the service of process by publication was made, the attachment had already been recorded in the registry, which record in itself constituted notice to all the world, and that the direct notice to the defendant, which the law requires without specifying how it shall be served, was lacking; but that the same had been mailed to the address of the defendant.

"The act containing the said section 9 provides by its section 2 that the effectiveness of the judgment shall be secured in accordance with the rules prescribed in the statute, the first two of said rules being formulated thus:

" '(a) If the obligation on which suit is brought be the delivery of a certain object or thing possessed by the defendant, or by a third person in the name of such defendant, said defendant, or third person, as the case may be shall be prohibited from alienating or encumbering the object or thing until judgment has been rendered.

" '(b) If the obligation be the payment of any sum of money the provisional remedy shall consist of the attachment of sufficient property of the debtor to cover the amount claimed.'

"According to this act, which is in force, the provisional remedy in the action of debt brought by Symister could only consist of the attachment of the property belonging to the defendant, without any prohibition against alienating the same, since plaintiff did not seek the delivery of any specific object; and hence such prohibition was not decreed and, consequently, none appears recorded in the registry. The notice to the defendant required by section 9 applies to the case where real property has been attached and the alienation thereof prohibited, the notice to the owner being necessary because

he could not alienate such property except at public auction and after notice had been given to the plaintiff and the proceeds of the sale deposited in court, in default of which the alienation is to be deemed fraudulent and the guilty person may be punished for contempt. Said section does not refer to an attachment lacking such prohibition, because in such case the owner may alienate the attached realty without prejudice to the right of the person in whose name the notice has been entered as provided by section 71 of the Mortgage Law.

"For the reasons stated, the notice required by section 9 of the Act to secure the effectiveness of judgments was not necessary in this case, and the judgment appealed from must be affirmed in so far as the same did not declare the attachment of the property to be null and void."

Lastly, the appellee maintains that there was no attachment in the case at bar because the property against which it was directed was not recorded nor could it be recorded in the registry of property, as it consists of a structure built on another's land.

As to the contention that the house could not be recorded because it was built on another's land, appellee is not correct. Since 1915 this court has decided that such record can be made. *Martin et al.* v. *Registrar of Arecibo,* 22 P.R.R. 139.

Nor is the appellee correct in her contention that, as the property has not been recorded, notice of the attachment can not be entered.

In the case of *Sobrinos de Villamil* v. *Registrar of San Juan,* 32 P.R.R. 502, this court speaking through Mr. Justice Wolf said:

"Section 92 of the Mortgage Law Rules, in its pertinent part, is as follows:

" 'A cautionary notice shall be entered of every attachment upon real property or property rights decreed in a civil or criminal action, even though the attachment be precautionary only, the following rules being observed:

" *     *     *     *     *     *     *

" 'Second: If the ownership of the property attached should not

be a matter of record, the entry of the attachment shall be suspended, and in lieu thereof a cautionary notice of the suspension of the same shall be entered, said error being curable.'

"Repeals by implication are not favored. The idea of the authors of the Mortgage Law was to give an attaching creditor certain rights against the public even though the property attached was not recorded. In this regard Galindo and Escosura, *Legislación Hipotecaria*, Vol. 2, p. 444, say:

" 'If it should appear from the registry that the property was recorded in favor of a person distinct from the debtor, the annotation shall be denied, and if it was not recorded in favor of anyone, the annotation shall be suspended until the interested party (supposing in either case that the real owner is the debtor) obtains through legal proceedings the recording of the property in the name of the debtor, and then the annotation of the attachment is entered.'

"This right is not destroyed because the manner of record is changed. The principal does not follow the accessory, but the reverse is true and the attaching creditor is entitled to some sort of record. This is not accomplished by a cautionary notice for one hundred and twenty days, inasmuch as not only might any litigation extend over that time but it would be questionable whether the prohibition not to alienate would be effective without such annotation."

Subsequently, in the case of *Succrs. of Armstrong & Sons* v. *Registrar,* 34 P.R.R. 258, this court, through Mr. Justice Aldrey, declared:

"Article 92 of the Mortgage Law Regulations establishing rules for the entry of cautionary notices of attachments on real property or real rights decreed in civil or criminal cases prescribes in subdivision 2 that if the ownership of the property attached is not a matter of record, the entry of the attachment shall be suspended and in lieu thereof a cautionary notice of the suspension of the same shall be entered, the defect being curable; and article 96 of the Mortgage Law declares that the cautionary notice required as a consequence of the impossibility of making the record on account of curable defects shall become ineffective 60 days after its date, which period may be extended to 180 days, unless the deed presented emanates from judicial authority, in which event it can be extended only by judicial authority of the same rank. Therefore, in accordance with these

provisions the attachment should not be recorded, but its record should be suspended and a cautionary notice of such suspension entered for 60 days subject to extension.

"In the year 1902 (R. S. p. 289) the Legislature passed an Act to provide for appeals from the decisions of registrars of property, under section 4 of which (Comp. 2183) the registrars can not suspend the record, annotation or cancellation of any deed because of curable defects, but must mention the said defects in the record and whenever the necessary documents are presented for curing the defects they must make a marginal note of the correction. Section 7 of the said Act (Comp. 2186) provides that whenever any registrar shall refuse to record or enter any document he shall enter a cautionary notice for 120 days. As a consequence of this Act the writs of attachment which formerly were not entered when the property was not recorded in the registry in anybody's name, the annotation being suspended and a cautionary notice being entered because the defect was curable, now must be recorded with mention of such defect, because, according to the said Act of 1902, entry can not be denied by reason of curable defects; therefore, an entry can not be suspended or denied and a cautionary notice of the suspension entered for 120 days for the reason that such notice is proper only when there is an incurable defect. In the case of *Duperon* v. *Registrar*, 15 P.R.R. 59, the only case that we have been able to find in the reports of this court referring to subdivision 2 of article 92 of the Mortgage Law Regulations, although this court affirmed the registrar's decision refusing to record an attachment because the property attached was not recorded and entering a cautionary notice for 120 days, the question now under consideration was not discussed, the decision being merely that the said subdivision of that article was not in conflict with the Act to secure the effectiveness of judgments and, therefore, was not repealed by it, which seems to have been the only question raised by the appellant.

"Therefore, the doctrine laid down in *Sobrinos de Villamil* v. *Registrar, supra,* must be modified in the sense that subdivision 2 of article 92 of the Mortgage Law Regulations is not in force in so far as it prescribes that if the property attached is not recorded the entry shall be suspended and a cautionary notice of such suspension entered, for this can not be done since the enactment of the said Act of 1902, it being necessary to record the attachment and mention the curable defect."

Lastly, in the case of *Moscoso Hermanos* v. *Registrar,* 35 *D.P.R.* 1054, a *per curiam* decision, it held:

"On the authority of the cases of *Villamil* v. *Registrar,* 32 P.R.R. 502, and *Armstrong* v. *Registrar,* 34 P.R.R. 258, the decision of the Registrar of Property of Humacao of December 15, 1925, is reversed and the record of attachment sought is ordered, with the curable defect that the property attached is not recorded."

Perhaps it might be advisable to add that one of the questions raised by the defendant in the suit was that the sale of the house to the defendant, made by Rufino Font on May 26, 1930, after a judgment had been previously rendered on April 9 against Font, must be presumed in fraud of creditors, according to the provisions of section 1249 of the Civil Code, 1930 edition, to wit: " . . . alienations for valuable considerations, made by persons against whom a condemnatory judgment, in any instance, has been previously rendered, or a writ of seizure of property has been issued, shall also be presumed fraudulent."

The judgment appealed from must be r e v e r s e d and another rendered instead dismissing the complaint, without costs.

Mr. Justice Wolf concurs in the result.